# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MICHAEL BUQUOI                                                                                        PLAINTIFF

VS.                                              4:18-cv-00093 BRW

UNITED STATES LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK                                                                  DEFENDANT

## ORDER

Pending are Plaintiff's[1] and Defendant's[2] Motions for Summary Judgement. Both, Plaintiff[3] and Defendant[4] have filed responses to the motions. For the reasons set out below, the Plaintiff's Motion is GRANTED in part, rendering all other points moot.

## I.     BACKGROUND

Plaintiff was employed by AIG as a property claims adjuster and his job duties involved field work, traveling, and desk work. Plaintiff stopped working on July 20, 2016 and sought long-term disability benefits through AIG's policy insured by Defendant. On December 12, 2016, Defendant started its review to determine Plaintiff's eligibility for long-term benefits, and on May 23, 2017, Defendant denied Plaintiff's benefits.

Plaintiff appealed Defendant's denial of long-term benefits. On December 12, 2017, Defendant acknowledged receipt of the appeal and added that if Plaintiff wanted his Social Security Disability ("SSD") to be considered during the appeal review, he needed to provide the documents as soon as possible.

On January 2, 2018, Defendant informed Plaintiff it was considering the appeal and stated it needed a 45-day extension complete the review. Plaintiff signed the authorization letter

---

[1] Doc. No. 10.
[2] Doc. No. 13.
[3] Doc. No. 18.
[4] Doc. No. 22.

1

on January 8, 2018 and sent it to the Social Security Administration on January 11, 2018. Plaintiff received Defendant's denial on January 16, 2018.[5]

## II. STANDARD OF REVIEW

A denial of an ERISA benefits under a plan is reviewed *de novo*, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[6] When an ERISA plan grants discretion, courts review a plan administrator's decision under an abuse of discretion standard,[7] and the decision will be reversed "only if it is arbitrary and capricious."[8] Ordinarily, when the insurance company "both determines whether an employee is eligible for benefit and pays benefits out of its own pocket," there is a conflict of interest, which should be considered when determining whether there was an abuse of discretion.[9] The limiting circumstances of this case provide that the court may apply a less deferential standard of review if plaintiff presents evidence demonstrating palpable conflict of interest or serious procedural irregularity that caused breach of plan administrator's fiduciary duty to plaintiff.[10] The proper standard of review in this case is *de novo*.

## III. DISCUSSION

Plaintiff argues: (1) he is entitled to disability benefits because he meets the policy definition and he submitted the required proof of loss; (2) Defendant's denial of benefits was arbitrary and capricious; and (3) the claim should be remanded and Defendant directed to consider his Social Security records as indicated it initially would.[11]

---

[5] Defendant's denial letter was dated January 9, 2018. Doc. No. 10.
[6] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).
[7] *Jessup v. Alcoa*, 481 F.3d 1004, 1006 (8th Cir. 2007).
[8] *Herbert v. SBC Pension Benefit Plan*, 354 F.3d 796, 799 (8th Cir. 2004).
[9] *Metropolitan Life Ins. Co. v. Glenn*, 554, U.S. 105, 108 (2008).
[10] *Shelton v. ContiGroup Cos.*, 285 F. 3d 640, 642 (8th Cir. 2002) (see also *Harden v. American Express Financial Corp.*, 384 F.3d 498, 500 (8th Cir. 2004).
[11] I've addressed only Plaintiff's third issue because the other arguments, as well as Defendant's Motion for Summary Judgment, are moot based on my ruling.

Plaintiff claims that Defendant should have reviewed his SSD award and considered it in evaluating his claim for long-term benefits. Defendant's original denial letters provided, "All the papers contained in your file were viewed as a whole," and "[w]e reviewed all of the medical information in your file."[12] During the appeal process, Defendant was aware that Plaintiff had been granted SSD benefits and requested that Plaintiff provide the SSD records he wanted Defendant to review.

Plaintiff received Defendant's request for the SSD records on December 19, 2017, and on January 8, 2018, he signed the appropriate documents permitting Defendant to review the SSD records. However, the next day Defendant denied Plaintiff's appeal – just seven days after it requested an extension to evaluate the appeal, and, more importantly, before it received the requested SSD records.

I believe this case is analogous to the issue in *Harden v. American Express Financial Corporation*.[13] In *Harden*, the plaintiff had applied for, and received, Social Security benefits at the administrator's request. The administrator, however, never obtained or reviewed the available Social Security documents in determining whether the plaintiff's eligibility under its plan. The court found that, because the administrator made statements that it had reviewed "'[a]ll available documentation,'" the plaintiff was justified in believing that the administrator had obtained the Social Security medical documents.[14] Because the administrator did not consider the Social Security award, and had nevertheless denied the plaintiff's claim, the "administrative record did not contain the Social Security records that were the basis of the Social Security Administrator's

---

[12] Doc. No. 10.
[13] 384 F.3d 498 (8th Cir. 2004).
[14] *Id.* at 499.

grant of benefits to him."[15] All of this after Defendant led Plaintiff to believe the SSD would be considered.

Likewise, in this case, Plaintiff had to present proof to Defendant that he has applied for Social Security disability benefits. Defendant required Plaintiff to execute a medical authorization that would allow it to obtain his Social Security Disability records, which he did. Defendant was aware of Plaintiff's favorable SSD award and indicated it would consider it in evaluating his claim. Likewise, the administrator failed to obtain records concerning the SSD benefits, while leading Plaintiff to believe that it was considering "all available documentation" creates procedural irregularities by the administrator.

## CONCLUSION

Accordingly, this case is remanded to Defendant with instructions to reopen the administrative record, obtain and review the SSD records, and make a new determination of the claim, under discretion permitted by the plan. Based on this finding, all other issues are moot. This case is closed.

IT IS SO ORDERED this 18th day of October 2018.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[15] *Id*.